```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HERBERT RUTH AND DANNA RUTH, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil Action<br>No. 15-2616 (JBS/JS) |
| SELECTIVE INSURANCE COMPANY OF AMERICA, | **OPINION** |
| Defendant. | |

APPEARANCES:

Verne A. Pedro, Esq.
Merlin Law Group
125 Half Mile Road
Suite 200
Red Bank, NJ 07701
     Attorney for Plaintiffs

Adam Joseph Petitt, Esq.
Stradley, Ronon, Stevens & Young LLP
2005 Market Street
Suite 2600
Philadelphia, PA 19103
-and-
Francis X. Manning, Esq.
Stradley, Ronon, Stevens & Young LLP
457 Haddonfield Road
Suite 100
Cherry Hill, NJ 08002
     Attorneys for Defendant

**SIMANDLE, Chief Judge:**

**I.   INTRODUCTION**

    In this declaratory judgment action, Plaintiffs Herbert and Danna Ruth seek a declaration that they are entitled to

insurance coverage and compensatory damages arising from Defendant Selective Insurance Company of America's alleged mishandling of their flood claim stemming from Superstorm Sandy. This matter comes before this Court on Defendant's unopposed motion for summary judgment [Docket Item 26]. For the following reasons, the Court grants Defendant's motion.

## II. BACKGROUND[1]

Plaintiffs Herbert and Danna Ruth own a home in Oceanport, New Jersey ("the Property") and hold a Standard Flood Insurance Policy ("SFIP") covering their home with Selective Insurance Company ("Selective"), an insurer who participates in the Federal Emergency Management Agency's ("FEMA") "Write Your Own" ("WYO") flood insurance program. (Certification of Stephen Weber ("Weber Cert.") [Exhibit 1 to Defendant's Statement of Material Facts ("Def. SMF")] at ¶ 5; Flood Declarations Page [Ex. A to Weber Cert.]) The SFIP includes building coverage of $250,000 with a $1,000 deductible, and contents coverage of $11,600 with a $1,000 deductible. (Weber Cert. at ¶ 5; Flood Declarations

---

[1] The Court distills this undisputed version of events from Defendant's Statement of Uncontested Material Facts and the certifications and exhibits accompanying its pending motion for summary judgment. Because Plaintiffs failed to oppose the motion, all facts contained within Defendant's Statement of Uncontested Material Facts [Docket Item 26-1] are deemed admitted for the purposes of this motion. See L. Civ. R. 56.1(a) ("[A]ny material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion.")

Page.) Plaintiffs' home is a single-family home with an unfinished basement. (Weber Cert. at ¶ 8; Flood Declarations Page; Deposition of Herbert Ruth ("Ruth Dep.") [Exhibit A to Certification of Adam J. Petitt] at 27:20-28:2.) Plaintiffs allege, and Defendants do not dispute, that Plaintiffs paid all premiums when due while the SFIP was in effect. (Complaint at ¶ 13.)

Plaintiffs notified Selective of damage to their home caused by flooding from Superstorm Sandy on or about October 29, 2012. (Weber Cert. at ¶ 6; Selective Activity Log [Exhibit B to Weber Cert.].) The basement flooded with approximately five feet of water during the storm. (Ruth Dep. at 21:12-15.) Selective sent an independent adjuster to inspect the Property on November 23, 2012. (Weber Cert. at ¶ 7.) That same day, Plaintiffs requested an advance payment from Selective for $5,000 in building damage, which request Selective granted. (Weber Cert. ¶¶ 9-10; Advance Payment Request [Ex. D to Weber Cert.]; Selective's 12/6/12 Check [Ex. E to Weber Cert.].)

The independent adjuster submitted a report to Selective on January 27, 2013, recommending that Selective make a payment of $17,175.83 in covered building damage and $1,344.96 in covered contents damage to Plaintiffs. (Weber Cert. ¶ 11; Independent Adjuster Report [Ex. C to Weber Cert.].) Selective issued two checks to Plaintiffs for $12,176.83 in covered building damage

(the adjuster's recommendation, less the $5,000 advance payment) and $1,344.96 in covered contents damage on February 7, 2013, "representing payment in full under the policy." (Weber Cert. ¶¶ 12-13; Selective's 2/7/13 Checks [Ex. F to Weber Cert.].)

On April 26, 2014, Plaintiffs submitted to Selective additional documentation claiming covered losses to their property in the amount of $45,780.14, including a sworn proof of loss for covered building damage and an estimate from B.C. Moye Consulting, LLC for repairs to the Property that differed from the estimate provided by Selective's independent adjuster. (Weber Cert. ¶ 14; Proof of Loss Submission [Ex. G to Weber Cert.].) On May 22, 2014, Selective sent a letter to Plaintiffs denying their request for additional recovery because Plaintiffs had not submitted adequate supporting documents per the NFIP, including itemized room-by-room contractor's estimates, a signed contract of repair with a contractor, or paid receipts or invoices for repairs. (Weber Cert. ¶ 15; May 22, 2014 Letter from Selective to Plaintiffs [Ex. H to Weber Cert.].) It appears that Plaintiffs never submitted further proof of loss.

Plaintiffs filed this case on April 10, 2015, claiming that Selective "unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully or unfairly limited coverage and payment on Plaintiffs' claims" and seeking a declaration that they are entitled to insurance coverage and

4

compensatory damages arising from Selective's mishandling of their flood claim. (See generally Compl.) The crux of the parties' dispute at this stage is whether Plaintiffs are entitled to coverage under the SFIP for (1) the cost of replacing two compressors to the central air conditioning system located outside the house, and (2) damage to personal property in their garage and basement. Defendant filed the instant motion for summary judgment [Docket Item 26] arguing that Plaintiffs are not entitled to coverage under the SFIP for either claim because the compressors were not damaged by flood waters and because Plaintiffs did not submit a sworn proof of loss for the personal property. For the reasons that follow, Defendant's motion is granted.

## III. STANDARD OF REVIEW

Where, as in the instant case, a summary judgment motion is unopposed, Rule 56(e)(3), Fed. R. Civ. P. still requires the Court to satisfy itself that summary judgment is proper because there are no genuine disputes of material fact and the movant is entitled to judgment as a matter of law.[2]  See also Anchorage

---

[2] Rule 56(e), Fed. R. Civ. P. was amended in 2010 to address the situation where a party fails to oppose a motion for summary judgment.  Rule 56(e) gives the court options when considering a summary judgment motion that is unopposed in whole or in part, providing:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of

5

Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990) (interpreting prior version of Rule 56). Federal Rule of Civil Procedure 56(a) generally provides that the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact" such that the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine" dispute of "material" fact exists where a reasonable jury's review of the evidence could result in "a verdict for the non-moving party" or where such fact might otherwise affect the disposition of the litigation. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Disputes over

---

fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for the purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order.

Under Rule 56(e)(3), one of those options is to grant summary judgment if the motion and supporting materials show that the movant is entitled to it.  The Advisory Committee Notes for Rule 56(e) (2010 Amendments) explain that granting summary judgment on the unopposed motion is not automatic, as "[c]onsidering some facts undisputed does not of itself allow summary judgment . . . . Once the court has determined the set of facts – both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply – it must determine the legal consequences of these facts and permissible inferences from them." Notes of the Advisory Committee, Rule 56(e)(2010 Amendments).  Thus, the suggested practice is to make an independent determination whether the unopposed record warrants awarding summary judgment to the movant.

6

irrelevant or unnecessary facts, however, fail to preclude the entry of summary judgment. Id.  Conclusory, self-serving submissions cannot alone withstand a motion for summary judgment. Gonzalez v. Sec'y of Dept. of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012) (internal citations omitted).

Further, in an unopposed motion, a movant who files a proper Local Civil Rule 56.1 statement of undisputed material facts ("SMF") receives the benefit of the assumption that such facts are admitted for purposes of the summary judgment motion. See L. Civ. R. 56.1 (providing that "any material fact not disputed shall be deemed undisputed for the purposes of the summary judgment motion").  Accordingly, where a properly filed and supported summary judgment motion is unopposed, it would be an exceptional case where the court concludes that summary judgment should nonetheless be denied or withheld, although the Court has discretion to do so if unsatisfied that the law and facts point to judgment as a matter of law.

## IV. DISCUSSION

Defendant contends that it is entitled to summary judgment because Plaintiffs cannot recover any additional amounts under the SFIP for two reasons: first, because the compressors to the central air conditioning system did not suffer direct physical damage by or from flood, and second, because Plaintiffs did not submit a proof of loss and documentation in support of their

claim for additional contents damage. The Court agrees with both points.

Plaintiff holds a SFIP issued by Selective, a WYO flood insurance carrier pursuant to the National Flood Insurance Program ("NFIP"). As the Third Circuit has explained, the NFIP is "a federally supervised and guaranteed insurance program presently administered by the Federal Emergency Management Agency ('FEMA') pursuant to the [National Flood Insurance Act] and its corresponding regulations." Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 165 (3d Cir.1998) (citing 44 C.F.R. §§ 59.1-77.2). FEMA promulgated the SFIP, set forth in 44 C.F.R. Pt. 61, App. A(1), (2), and (3), and provided for claims adjustment of the SFIP by private insurers operating as WYO companies. Messa v. Omaha Property & Cas. Ins. Co., 122 F. Supp. 2d 513, 519 (D.N.J. 2000). "It is well settled that federal common law governs the interpretation of the SFIP at issue here." Torre v. Liberty Mut. Fire Ins. Co., 781 F.3d 651, 653 (3d Cir. 2015). As with other insurance policies issued under federal programs, the terms and conditions of the SFIP must be strictly construed because they are direct claims on the Federal Treasury. Suopys v. Omaha Property & Cas., 404 F.3d 805, 809 (3d Cir. 2005); Kennedy v. CNA Ins. Co., 969 F. Supp. 931, 934 (D.N.J. 1997) aff'd, 156 F.3d 1225 (3d Cir. 1998).

First, Plaintiffs cannot recover under the SFIP for alleged damage to the compressors to their central air conditioning system because the compressors did not suffer direct physical damage by or from flood. The plain language of the SFIP insures only "against direct physical loss by of from flood," which requires "evidence of physical changes to the property" caused by a flood. 44 C.F.R. Pt. 61, App. A(1), Art. II-B(12). Mr. Ruth testified that the compressors were outside and not damaged by flood. (Ruth Dep. at 47:10-48:21.) Nonetheless, Plaintiffs seek to have Selective pay to replace the compressors because they must replace another component of the central air conditioning system that was damaged by floodwaters in the basement, and the air conditioning system will only work if the entire system is replaced all at once. (Id.) Despite this representation, Mr. Ruth's admission makes clear that the compressors are not covered losses under the terms of the SFIP. Therefore, Selective is entitled to summary judgment on this part of Plaintiffs' claim.

Second, Plaintiffs cannot recover for damage to personal property in the garage and basement caused by the flood because they did not file proof of loss or any other documentation for these losses. The Third Circuit has unambiguously held that "strict adherence to SFIP proof of loss provisions . . . is a prerequisite to recovery under the SFIP." Suopys, 404 F.3d at

9

810. Mr. Ruth conceded at his deposition that he did not "declare" or "report" these losses at the time "because it was insignificant compared to the other items" and that he did not even think to seek recovery for them until this action. (Ruth Dep. at 80:5-10, 91:19-23; see also Weber Cert. at ¶ 16.) Plaintiffs' failure to follow the NFIP requirement of submitting a sworn proof of loss for these claims bars recovery under the SFIP. Therefore, Selective is entitled to summary judgment on this part of Plaintiffs' claim, as well.

**V. CONCLUSION**

An accompanying Order will be entered.


  February 14, 2017                    s/ Jerome B. Simandle
Date                                   JEROME B. SIMANDLE
                                       Chief U.S. District Judge

10